IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ASSOCIATED NURSING, INC. d/b/a/                                                                APPELLANT
ASSOCIATED MEDICAL EQUIPMENT
d/b/a/ ASSOCIATED PHARMACY

V.                                                                                                 CAUSE NO 2:05CV16

ALICE AND ELIZABETH SIDES,
BY AND THROUGH THEIR
CUSTODIAN, ELBERT SIDES                                                                APPELLEES

**MEMORANDUM OPINION**

This cause comes before the court on appellant Associated Nursing's appeal from the final judgment entered by the United States Bankruptcy Court for the Northern District of Mississippi. This cause came before the Bankruptcy Court for the Northern District of Mississippi when the debtor, Associated Nursing, filed a complaint against Alice and Elizabeth Sides, by and through their custodian Elbert Sides (collectively "Sides"). Sides filed an answer and counter claim against Associated Nursing.

Associated Nursing was formed by Kathy Short Garner (Short), the president and sole shareholder of the business. Short subsequently married Lee Garner (Garner), who ran the day to day operations of Associated Nursing and made most of the financial decisions about the business. Short wrote checks and paid bills as instructed by Garner. The bankruptcy court held that the debtor, Associated Nursing, was indebted to the defendants, the Sides, pursuant to an oral contract in the amount of $120,000. The appellant asserts multiple assignments of error, and after review of the briefs and other submissions, the court is prepared to rule.

1

In a bankruptcy appeal, the applicable standard of review by a district court is the same as when the Court of Appeals reviews a district court proceeding. See 28 U.S.C. § 158(c); *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir.1989). Findings of fact by the bankruptcy courts are to be reviewed under the clearly erroneous standard, while conclusions of law are reviewed de novo. *In re Kennard*, 970 F.2d 1455, 1457-58 (5th Cir.1992); *In re Hammons*, 614 F.2d 399, 403 (5th Cir.1980).

Associate Nursing first asserts that the trial court erred in admitting testimony that varied the terms and conditions of written documents. In particular, Associated Nursing contends that parol evidence about the promissory note for $100,000 should not have been introduced and that Mr. Garner's testimony about the note was biased since he and Short were engaged in a divorce at that time.

The district court engaged in fact finding, and determined that the promissory note did not encompass the entire agreement; rather, it was to merely be evidence that the debt existed. Aside from testimony of Mr. Garner and Mr. Sides, the court also considered the fact that the parties never abided by the terms of the note, as well as the fact that the parties engaged in subsequent oral modifications of the contract. In light of the evidence presented, the bankruptcy court did not commit clear error in making the factual determination that the note did not represent the agreement.

Mississippi's parol evidence rule states that "if a writing is complete on its face and unambiguous, parol evidence is not admissible to contradict, vary, alter, add to, or detract from, the instrument . . . in the absence of fraud or mistake." *Sharpsburg Farms, Inc. v. Williams*, 363

So.2d 1350, 1355 (Miss. 1978). As the writing was not complete on its face and did not encompass the entirety of the agreement, the bankruptcy court did not improperly admit parol evidence about the loan of $100,000.

The appellant also asserts that the bankruptcy court erred in finding and concluding that Associated Nursing received $30,000 from an additional loan made by Elbert Sides to Associated Nursing. Associated Nursing contends that the Best Evidence Rule requires that an original writing must be produced in order to prove the terms of that writing, unless it is shown to be unavailable for some reason other than the fault of the proponent. What the appellant fails to acknowledge is that Fed. Rule of Evidence 1002 has a threshold requirement that a writing must exist, or that a writing existed at some point. *See C.P. Interests, Inc. v. California Pools, Inc.*, 238 F.3d 690, 699 (5th Cir. 2001). In this instance, both the appellant and appellee agree, and the bankruptcy court found, that the cash loan for $30,000 was never reduced to writing. Therefore, Associated Nursing's "best evidence" argument is inapplicable.

Associated Nursing again asserts that the bankruptcy court relied too heavily on the testimony of Mr. Garner and postulates that it is probable that Garner misappropriated the funds for his own gain. However, Short herself testified that she was aware of an additional $30,000, even though she claimed not to know where it came from. During trial she contended that a deposit in the amount of $30,000 was never made into any of Associated Nursing's accounts; however, the court found that Short signed checks on behalf of Associated Nursing from June of 1992 through October of 1999 in a manner consistent with the repayment of a $30,000 loan. As such, the bankruptcy court did not err in finding that Associated Nursing was the recipient of a $30,000 loan.

3

The appellant's next assignment of error is that the trial court erred in finding the April 24, 1990, promissory note to be a binding obligation. Associated Nursing continues its argument by stating that it never has disputed the existence of a valid and binding note in the amount of $100,000, but that the obligation has been satisfied and additional amounts were paid to Sides above the obligation owed. The appellant misunderstands the ruling of the bankruptcy court. The court determined that the promissory note was not a binding obligation, merely evidence that an obligation existed. Associated Nursing does not explain how the $100,000 debt was satisfied in its brief.

The court will now consider the next two assignments of error together. First, Associated Nursing claims that the trial court's finding that the oral contract made in connection with the promissory note could be established by parol evidence was in error, and even if the oral contract could be established by parol evidence, the appellant claims that the promissory note violates the Statute of Frauds and is barred by the Statute of Limitations. Second, the appellant assumes the promissory note is a valid obligation and that the trial court erred in allowing testimony regarding oral modification and other parol evidence.

Once again, in both of Associated Nursing's assignments of error, the appellant mistakenly asserts that the April 24, 1990 promissory note was found to be a binding obligation. The bankruptcy court found that the parties entered into an oral contract regarding the $100,000 loan and that the promissory note was merely evidence that the oral agreement existed. This court has found that the bankruptcy court did not err in making that determination. Further, Mississippi law holds that complete performance of an oral contract by one party takes the contract out of the statute of frauds. *Gibbons v. Associated Distributors, Inc.*, 370 So.2d 925, 927

(Miss. 1979). When Sides made the $100,000 loan to Associated Nursing, he had completely performed his obligations under the contract.

The appellant's characterization of the promissory note as a binding agreement also causes her statute of limitations argument to miss the mark as well. The appellant attacks the applicability of the statute of limitations to the promissory note, which is not consistent with the bankruptcy court's ruling.

Associated Nursing contends that the $30,000 cash loan was an oral demand note, and that the statute of limitations began to run on the date of execution. According to Miss. Code Ann. 15-1-29, "actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after, except that an action based on an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after."

The Mississippi Supreme Court has stated the general rule that a simple demand note is matured at the date of its execution without actual demand being required. *U.S. Fidelity & Guaranty Co. v. Krebs*, 190 So.2d 857, 860 (Miss. 1966) (*citing Belhaven College v. Downing*, 62 So.2d. 275, 374 (Miss. 1953)). The Court has also acknowledged that an actual demand is required to begin the running of the statute of limitations only where it is clear that the parties themselves actually intended for a demand to be made. *Id*. The testimony of the parties reflects that only interest on the loan was to be paid until an actual demand for payment was made. Accordingly, the statute of limitations does not bar recovery of the $30,000 cash loan.

Associated Nursing asserts that the statute of frauds applies to the $30,000 cash loan. As previously stated in reference to the $100,000 loan, complete performance of an oral contract by one party takes the contract out of the statute of frauds. *Gibbons v. Associated Distributors, Inc.*, 370 So.2d 925, 927 (Miss. 1979). Sides' performance was complete upon the lending of the money.

Lastly, the appellant contends that the payments made to Sides in the year prior to the bankruptcy filing constitute fraudulent conveyances. A transfer may be avoided as fraudulent pursuant to 11 U.S.C. 548(a)(1)(B) when:

> (1) the debtor transferred an interest in property;
> 
> (2) the transfer of that interest occurred within one year prior to the filing of the bankruptcy petition;
> 
> (3) the debtor was insolvent on the date of the transfer or became insolvent as a result thereof; and
> 
> (4) the debtor received less than reasonably equivalent value in exchange for such transfer.

*In the Matter of GWI PCS 1 Inc.*, 230 F.3d 788, 805 (5th Cir. 2000).

The appellant objects to the bankruptcy court's findings on the third and fourth elements of the test for a fraudulent conveyance, as neither party disputes that Associated Nursing continued to make payments to Sides until the bankruptcy filing. Associated Nursing contends that the evidence presented at trial demonstrates that the business was insolvent for the year prior to its bankruptcy filing. Even assuming that the business was insolvent, Associated Nursing fails to establish the fourth element of a fraudulent conveyance.

The appellant contends that it did not receive reasonably equivalent value for the payments made to Sides. Associated Nursing remonstrates that it overpaid Sides in the amount

of approximately $45,000. However, the trial testimony demonstrates that the Associated Nursing made interest only payments, and that the loans were not overpaid. Even though the minimum quantum necessary to constitute reasonably equivalent value is undecided, it is clear that the debtor need not collect a dollar-for-dollar equivalent to receive reasonably equivalent value. *In the Matter of Fairchild Aircraft Corp.*, 6 F3d 1119, 1125-26 (5th Cir. 1993). The appellant asserts that paying interest only with no reduction in principal does not constitute reasonably equivalent value; nonetheless, when a debtor made this same argument before a bankruptcy court in Florida, the court astutely observed that optimum use of funds is rarely made in the bankruptcy context. *In re Holly Hill Medical Center, Inc.*, 44 B.R. 253, 256 (Bankr. M.D. Fla. 1984). The court finds that unfettered access to the money borrowed constituted reasonably equivalent value for the interest payments made. *See id*. Accordingly, the judgment of the bankruptcy court is AFFIRMED.

This the 19th day of March, 2007.

                                                **/s/ Michael P. Mills**
                                                **UNITED STATES DISTRICT JUDGE**